# UNITED STATES DISTRICT COURT
## for the
## Northern District of Illinois

2018 OCT 23 AM 11:12

FILED
OCT 23 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Khan, Nazir </br> Khan, Iftikhar </br> _____ </br> *Plaintiff(s)* </br></br> v. </br></br> Hemosphere Inc., Cryolife Inc., </br> Merit Medical Systems Inc. et.al 310 </br> _____ </br> *Defendant(s)* | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. **1:18-cv-05368** </br> ) Honorable Judge Virginia M. Kendall </br> ) </br> ) </br> ) </br> ) </br> ) |

The plaintiffs, Nazir Khan and Iftikhar Khan, respectfully submit a response to CryoLife Inc.'s Motion to Dismiss dated 10/11/2018 or in the Alternative to Sever and Transfer, and Memorandum in Support.

The response contains the following points:

1. Under statue 28 U.S. Code §1400 section (a):" Civil actions suits may be instituted in the district in which the defendant or his agent resides or may be found." CryoLife has admitted that they have five agents operating in Illinois who were providing practical support to the hospitals and the implanting physicians in Illinois, in sixteen institutions. The agents physically brought the three parts of He®RO graft into the operating room and helped the physicians in the hospitals or clinics with implantation of the HE®RO graft in patients. It is evident that these agents reside in Illinois or if they do not live in Illinois they are found here at the time when

the HE®RO graft is implanted. Therefore, CryoLife has established their presence in Illinois where their agents were found assisting the physicians.

2. Under statue 28 U.S. Code §1400 (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular established place of business.

CryoLife Inc. states that venue is improper in the Northern District of Illinois, and the case be transferred to the Federal District Court in Georgia, where they have an established place of business or incorporated in Georgia. In response, the plaintiffs submit that since February12th, 2014 until February 4th, 2016, five sales agents were providing practical support for the implantation process of the HE®RO graft to sixteen hospitals and clinics in Illinois, and they were acting on behalf of CryoLife Inc.. CryoLife Inc., derived benefits from the presence of agents in Illinois. This was due to the agents' increasing sales revenues in Illinois by selling the product in Illinois, receiving orders for the HE®RO graft in Illinois, as well as advertising the HE®RO graft in Illinois by traveling to different hospitals and providing educational seminars.

The plaintiff, Nazir Khan, was contacted by a sales agent in 2008 to use the HE®RO graft. The sales agent met with the plaintiff in the outpatient holding area of St. Elizabeth Hospital in Chicago. The plaintiff, Nazir Khan, was also previously contacted by the Davita Kidney Center in Chicago to attend a Cryolife agents' seminar for the HE®RO graft. The sales agents of Cryolife thereby marketed the HE®RO graft in Illinois. Thus, Cryolife Inc., through the presence of their sales agents established its presence in Illinois.

The infringed patent US 8,747,344 B2 was issued on June 10, 2014, and filed on October 5, 2012. The infringed patent 344 was published on April 10, 2014 under publication number US 2014/0100508 A1. CryoLife Inc. infringed on patent 344 under 35 U.S. Code §271 (a), from February 2012 to February 2016, during the term of patent 344. Patent infringement took place in the state of Illinois and also forty five other states during the term of the patent 344.

3. Response for Improper Misjoinder: The allegation on the basis of misjoinder is incorrect and the claims should be dismissed on this ground. 310 other physicians are being sued separately and the plaintiffs have not joined them with Cryolife Inc, as they have been served summons all separately. Therefore there is no reason to dismiss the claims on the basis of misjoinder.

4. Response for Improper service: The summons was served to CryoLife Inc. via certified mail with return receipt. This certified summons was signed for by an employee in CryoLife's office. CryoLife Inc. states that the person that signed for the certified mail was not an authorized employee and service is not proper. It is not the responsibility of plaintiffs to choose what employee at Cryolife Inc. signed for summons. If it is Cryolife's presumption that sending the summons by certified mail is not the proper method of service, then since case it is early in the case, the Honorable Judge Kendall can order that another copy of the Summons be sent through the U.S. Marshals service to both CryoLife Inc. and Merit Medical Inc..

5. Dates of Infringement: The infringed patent 344 was issued on June 10, 2014; this is a continuation patent of original patent US 8 282 591 B2 which was issued on October 9, 2012. The term is retrospective effective from the date of filing which was March 29, 2004. Hemosphere Inc. manufactured and sold the HE®RO graft from 2008 until May 11th, 2012. Since CryoLife Inc. bought the HE®RO graft assets from Hemosphere Inc. on May 11th, 2012, CryoLife Inc. assumes all responsibility from Hemosphere and is liable for damages from 2008 until February 4th, 2016 under 35 US Code §271 (a).

Then Merit Medical Inc purchased HERO device from CryoLife February 4th, 2016. Merit Medical wants to transfer case to the District Court of Utah on the basis of improper venue and the issue has not been resolved as yet by the Honorable Judge Virginia M. Kendall. Furthermore, there are more than 300 defendants who have been properly served with the waiver of the service of summons. The defendants reside in 43 states in the United States of America. Merit Medical Inc. and CryoLife Inc. are directly creating inconvenience for the plaintiffs and the other 300plus defendants, of which 16 reside in Illinois. Respectfully, the plaintiffs believe it

will be in the interest of justice to have the venue remain in the Northern District of Illinois and the motion of

CryoLife Inc. should be dismissed.

Dated   October 22, 2018                    Sincerely,

                                            Nazir Khan

                                            *Nazir Khan*

                                            Iftikhar Khan

                                            *Iftikhar Khan*

                                            150 Glenmora Drive

                                            Burr Ridge, IL 60527

                                            Office: 312-329-1100  Cell: 312-590-0589

**CERTIFICATE OF SERVICE**

The undersigned, certify that Response document to CryoLife Inc Motion was sent to, Melanie J, Chico (IL 6294469) 10 S Wacker Drive, Suite 2300 Chicago Illinois 60606, telephone 312-876-1700, by U.S Certified mail on October 22, 2018.

Dated   October 22, 2018

Sincerely,

Nazir Khan

*Nazir Khan* (signature)
Iftikhar Khan
*Iftikhar Khan* (signature)

150 Glenmora Drive

Burr Ridge, IL 60527

Office: 312-329-1100  Cell: 312-590-0589