**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NAZIR KHAN and IFTIKHAR KHAN, | |
| Plaintiffs, | Civil Action No. 1:18-CV-05368 |
| v. | Judge Virginia M. Kendall |
| HEMOSPHERE, INC., CRYOLIFE INC., MERIT MEDICAL SYSTEMS, INC., Hospitals and doctors implanting unpatented HeRO graft to Doctors, et al., | Magistrate Judge Maria Valdez |
| Defendants. | |

## CRYOLIFE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO SEVER AND TRANSFER

Defendant CryoLife, Inc. ("CryoLife"), by and through its undersigned counsel, submits the following reply in support of its Motion to Dismiss, or in the Alternative to Sever and Transfer, Plaintiffs' claims against CryoLife to the Northern District of Georgia ("CryoLife's Motion"):

## I.    INTRODUCTION

Plaintiffs' response does not distinguish any of the case law cited by CryoLife or rebut any of the facts in CryoLife's Declaration, which demonstrate that the Complaint should be dismissed because Plaintiffs did not properly serve CryoLife, there is no venue over CryoLife in the Northern District of Illinois, CryoLife is misjoined with the hundreds of other defendants, and Plaintiffs cannot recover damages prior to the issuance of the '344 Patent[1] on June 10, 2014. Plaintiffs' assertion that it is more convenient for this case to proceed here is belied by their admission that only 16 of the 300-plus defendants reside in Illinois.  Dkt. 31, p. 3.  While it may

---

[1] All capitalized terms have the same definition as used in CryoLife's Motion.

be more convenient for Plaintiffs to proceed in the Northern District, this does not outweigh the myriad procedural deficiencies identified in CryoLife's Motion.

## II.     ARGUMENT

### A.     Plaintiffs Have Not Properly Served CryoLife

CryoLife's Motion cited the well-established federal and state law prohibiting Plaintiffs from serving CryoLife with the Complaint via certified mail. *See* Dkt. 23, pp. 4-5. Rather than addressing this authority, Plaintiffs attempt to deflect from their improper service of process by arguing that "[i]t is not the responsibility of plaintiffs to choose what employee at CryoLife Inc. signed for summons." Dkt. 3. To the contrary, it is Plaintiffs' responsibility to comply with the federal rules to effectuate proper service. They have not done so.

### B.     Plaintiffs Cannot Meet Their Burden of Establishing Venue in this District

Plaintiffs initially cite 28 U.S.C. § 1400(a) in support of their argument that venue is proper in the Northern District of Illinois. However, 28 U.S.C. § 1400(a) is clearly inapplicable because it provides for venue in cases "relating to copyrights or exclusive rights in mask works or designs."

Plaintiffs then quote the exclusive venue provision governing patent cases, which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Plaintiffs do not dispute that CryoLife does not "reside[]" in Illinois because it is incorporated in Florida. Dkt. 23, p. 6.

Instead, Plaintiffs incorrectly argue that the sales and advertising activities of CryoLife's five work-at-home employees in Illinois are sufficient to establish venue. Plaintiffs make new unsubstantiated allegations that CryoLife's employees: "physically brought the three parts of

2

He®RO graft into the operating room and helped the physicians in the hospitals or clinics with implantation of the He®RO graft in patients"; "were providing practical support for the implantation process of the He®RO graft"; "advertising the He®RO graft in Illinois by traveling to different hospitals and providing educational seminars"; contacted Plaintiff Nazir Khan in 2008 to use the HeRO® graft and "met with the plaintiff in the outpatient holding area of St. Elizabeth Hospital in Chicago"; and contacted Plaintiff Nazir Khan through the Davita Kidney Center in Chicago to attend a CryoLife agents' seminar for the HeRO® graft.  Dkt. 31, pp. 1-2.

Even taking Plaintiffs' newly asserted and unsupported allegations as true, they do not establish that CryoLife has a "regular and established place of business" in the Northern District of Illinois as required by 28 U.S.C. § 1400(b).  None of these allegations support, let alone establish, that CryoLife has a physical business location in the Northern District of Illinois. *See In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017).  The only specific location where Plaintiffs allege that CryoLife conducted sales/marketing activities is the outpatient holding area of a Chicago hospital.  Dkt. 31, p. 2.  This certainly cannot be considered CryoLife's physical place of business.  Further, CryoLife's Declaration establishes that CryoLife has no such physical place of business in this District.  Venue is therefore improper under either prong of the 28 U.S.C. § 1400(b) analysis.

### C.   Plaintiffs Misunderstand CryoLife's Misjoinder Argument

Plaintiffs contend that there is no misjoinder because "310 other physicians are being sued separately and the plaintiffs have not joined them with CryoLife Inc., as they have been served summons all separately."  Dkt. 31, p. 3.  Plaintiffs conflate the concept of misjoinder with the concept of service of process.  It is irrelevant that Plaintiffs issued separate summonses to the

3

hundreds of defendants. The problem is that all of the unrelated defendants have been improperly lumped together in a single lawsuit.

CryoLife is misjoined with Merit and Merit's customers because the alleged acts of infringement do not arise out of the same transaction or occurrence. In addition, fairness considerations weigh in favor of finding misjoinder because Plaintiffs' different claims against the many defendants leads to an unwieldy case in which issues relating to motion practice, discovery, liability, and damages will proceed along multiple different tracks. *See* Dkt. 23, pp. 9-12.

### D. <u>Plaintiffs Have No Basis to Assert Damages Against CryoLife from 2008-2016</u>

Plaintiffs cannot obtain damages prior to the time the '344 Patent issued on June 10, 2014 unless they establish the very narrow exception that would allow them to recover pre-issuance damages (which they have not alleged). Dkt. 23, pp. 13-14. Plaintiffs seek to avoid this damage limitation by arguing that the '344 Patent "is a continuation of original patent US 8 282 591 B2 which was issued on October 9, 2012. The term is retrospective effective from the date of filing which was March 29, 2004." Dkt. 31, p. 3.

To the extent Plaintiffs are now claiming infringement of the US 8 282 591 B2 patent, this allegation is not in the Complaint. Regardless, similar to the '344 Patent, Plaintiffs have alleged no basis for recovering pre-issuance damages relating to the US 8 282 591 B2 patent. Finally, under no circumstances can Plaintiffs recover damages for infringement committed more than 6 years prior to the time they filed the Complaint on August 7, 2018. 35 U.S.C. § 286.

WHEREFORE, CryoLife respectfully requests that the Court grant its motion and enter an order as follows:

(1) Finding that Plaintiffs did not effectively serve CryoLife with process;

(2) Finding that venue is not proper in the Northern District of Illinois;

(3) Finding that Plaintiffs misjoined CryoLife with the other defendants;

(4) Dismissing the claims against CryoLife without prejudice or, alternatively, severing the claims against CryoLife and transferring only those claims to the Northern District of Georgia.

(5) Alternatively, in the event the Court determines that it will retain this case, CryoLife requests partial dismissal pursuant to Federal Rule 12(b)(6) as to Plaintiffs' request for damages for any alleged infringement that occurred prior to issuance of the '344 Patent on June 10, 2014.

Dated:  October 31, 2018                   Respectfully submitted,

### CRYOLIFE, INC.

By:   /s/ Melanie J. Chico

One of Its Attorneys

Melanie J. Chico (IL 6294469)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL  60606
Telephone:  (312) 876-1700
mchico@dykema.com

4828-6050-4441.1

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 31, 2018, she caused *CryoLife, Inc.'s Reply In Support of Its Motion to Dismiss, or in the Alternative, to Sever and Transfer* to be filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all registered participants, and sent a copy via U.S. mail to the following:

Dr. Nazir Khan
150 Glenmora Drive
Burr Ridge, IL 60527

Dr. Iftikhar Khan
150 Glenmora Drive
Burr Ridge, IL 60527

　　　　　　　　　　　　　　　　　　　　　/s/  Melanie J. Chico

6