IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NAZIR KHAN and IFTIKHAR KHAN, | ) ) ) ) | |
| Pro se *Plaintiff,* | ) ) | No.  18 C 05368 |
| v. | ) ) | Judge Virginia M. Kendall |
| HEMOSPHERE, INC., CRYOLIFE INC., MERIT MEDICAL SYSTEMS, INC., Hospitals and doctors implanting unpatented HeRo graft to Doctors, et al., | ) ) ) ) ) | |
| *Defendants.* | | |

## ORDER

Plaintiffs Nazir Khan and Iftikhar Khan filed their complaint in the above captioned matter asserting patent infringement claims under 35 U.S.C. § 112. Plaintiffs bring their claim against more than three hundred defendants apparently scattered throughout the United States. To date, only eight of the defendants have filed an appearance with the Court. Multiple defendants have filed motions seeking this court to dismiss, transfer, or sever the claims. Currently pending before the Court are: Defendant Merit Medical System, Inc.'s ("Merit") motion to transfer, or in the alternative to dismiss for improper venue; Defendant CryoLife Inc.'s ("CryoLife") motion to dismiss for insufficient service of process, improper venue, misjoinder, or in the alternative to sever and transfer; Defendants David Varnagy, M.D. ("Dr. Varnagy") and Mark Ranson's, M.D. ("Dr. Ranson") motion to dismiss for failure to state a claim; and Defendant Walter D. Blessing's, M.D. ("Dr. Blessing") motion to dismiss for lack of personal jurisdiction, improper venue, and insufficient service of process. An initial status hearing was held on November 15, 2018 where the Court informed the parties that it would first consider motions regarding the question of the Court's jurisdiction in this matter before addressing the merits of the case.

In patent matters, questions of venue are exclusively governed by 28 U.S.C. § 1400(b) which instructs: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." It is plaintiff's burden to establish a selected venue is proper. *Grantham v. Challenge-Cook Bros., Inc.,* 420 F.2d 1182, 1184 (7th Cir. 1969); *see e.g., Niazi v. St. Jude Med. S.C., Inc.,* 2017 WL 5159784, at *2-3 (W.D. Wis. Nov. 7, 2017). "[A] domestic

corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Group Brand LLC,* 137 S.Ct. 1514, 1517 (2017). To satisfy the alternative prong of this venue test, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). The Federal Circuit has emphasized the need for a physical location in a venue, noting that virtual spaces and electronic communications within a venue are insufficient for purposes of this analysis. *Id.* at 1361. "[T]he mere fact that a defendant has advertised that it has a place of business or has even set up on office is not sufficient; the defendant must actually engage in business from that location … A further consideration for this requirement might be the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues. Such a comparison might reveal that the alleged place of business is not really a place of business at all." *Id.* at 1364 (emphasis in original). Where venue is improper, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As written, the statute directs that dismissing the case serves as the default option for the Court.

Plaintiffs' claims against defendants Merit, CryoLife, Dr. Varnagy, Dr. Ranson, and Dr. Blessing are dismissed for improper venue. Plaintiffs do not contend that any of these defendants reside in the Northern District of Illinois, nor can they, as they reside in, Utah, Georgia, Florida, Florida, and South Carolina, respectively. In the alternative, plaintiffs fail to carry their burden that any of these defendants infringed on the patent in the Northern District of Illinois *and* have a "regular and established place of business" in the district. *See* 28 U.S.C. § 1400(b). Plaintiffs contend that the defendants targeted their infringing activities towards this district. However, Plaintiffs have not, and cannot, demonstrate that each defendant has a physical place in the district that is a regular and established place of business. *In re Cray Inc.,* 871 F.3d at 1360. Plaintiffs focus on the fact that Merit and CryoLife have conducted business in Illinois. The mere fact that certain companies may have conducted isolated business transactions in the State falls far from establishing a physical, regular, and established place of business. *See e.g., TC Heartland LLC,* 137 S.Ct., 1520-21; *In re Cray Inc.,* 871 F.3d at 1262 ("sporadic activity cannot create venue"). Such a reading of the statute would necessarily explode the scope of venue in patent cases. Next, Plaintiffs suggest that certain employees of Merit and CryoLife live and conduct business within the district. Again, this argument does little work for plaintiffs. The inquiry here is focused on whether the physical established place of business is that of defendants and not their employees. Plaintiffs put forward no evidence supporting this argument and Merit and CryoLife affirmatively demonstrate that the corporations do not own any place of business in Illinois or in any way contribute to the housing needs of their employees in Illinois. (Dkts. 18-1, 23-1). Therefore, venue is improper for Merit and CryoLife.

The same is true for Drs. Varnagy, Ranson, and Blessing. There is no dispute that Drs. Varnagy and Ranson reside in Florida and plaintiffs have not presented any evidence suggesting that either of them have a physical, regular, and established place of business in the district. Similarly, Dr. Blessing's declaration states: "I have never practiced medicine in Illinois, performed any surgeries in Illinois, implanted any medical devices into patients in Illinois, directed any business or personal activities at Illinois, or advertised my services in Illinois." (Dkt. 40-1). Plaintiffs make no attempt whatsoever to counter such evidence and consequently fail to carry their burden as to why venue is proper for Drs. Varnagy, Ranson and Blessing.

It is noted that certain defendants sought transfer instead of dismissal. However, transfer is only the proper recourse if "it be in the interest of justice." 28 U.S.C. § 1406(a). Given that the case is essentially in its infancy with no discovery underway, dismissal without prejudice is the appropriate resolution here rather than determining appropriate venue for potentially three hundred defendants. Plaintiffs' claims against Merit, CryoLife, Dr. Varnagy, Dr. Ranson, and Dr. Blessing are dismissed without prejudice for improper venue.

In reaching its decision that venue is improper for the above-mentioned defendants, the Court does not consider the various other reasons as to why dismissal may be warranted in this matter. This Court would caution plaintiffs to take heed of the potentially meritorious arguments raised by defendants thus far in considering the proper and most effective way to prosecute their case going forward.

_____
Virginia M. Kendall
United States District Judge

Date: January 23, 2019