**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NAZIR KHAN and IFTIKHAR KHAN, ) | |
| ) | |
| ) | |
| *Plaintiffs*, ) | No. 18 C 5368 |
| ) | |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| HEMOSPHERE INC., CRYOLIFE ) | |
| INC., MERIT MEDICAL SYSTEMS, ) | |
| INC. at el, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nazir Khan and Iftikhar Khan filed this action against more than 300 defendants alleging patent infringement under 35 U.S.C. § 112. Five of these Defendants were previously dismissed for improper venue. (Dkt. 76). As a byproduct of how the Plaintiffs have chosen to structure and litigate their case, the moving Defendants have presented the Court with a selection of paths the Court might take to dispose of this case. Currently pending before the Court are eleven separate Motions to Dismiss from 116 of the remaining Defendants. Defendants' Motions seek dismissal for lack of personal jurisdiction, improper venue, misjoinder, insufficient service, and untimely service. (Dkts. 88, 90, 93, 96, 99, 100, 102, 105, 107, 111, 131). Despite these eleven Motions brought by more than 100 Defendants, a significant number of named Defendants have not yet joined the Court and the parties on this adventure due to Plaintiffs' inability to effect service. Additionally, a selection of the

non-resident Defendants seek sanctions against Plaintiffs for their repeated assertions that venue is proper in the Northern District of Illinois and that service was properly completed. (Dkt. 113). For the following reasons, Defendants' Motions to Dismiss are granted, the claims against all non-moving Defendants are dismissed for want of prosecution, and the non-resident Defendants' Motion for Sanctions is granted.

## BACKGROUND

For purposes of evaluating a Motion to Dismiss, the Court takes all well-pleaded facts as true. *Calderon-Ramirez v. McCament,* 877 F.3d 272, 275 (7th Cir. 2017). Plaintiffs bring this action *pro se* and filed their Complaint on August 7, 2018. (Dkt. 1). Plaintiffs are Illinois surgeons who have the exclusive rights to Patent 8,747,344, "[a] Hybrid arteriovenous shunt that serves as a conduit connecting an artery to the right atrium of the heart whereby the impure arterial blood flows continuously to the right atrium." (*Id.* at 43). Defendants, a collection of corporations, hospitals, and individual physicians, allegedly infringed on the Patent by implanting the HeRO Graft into patients. (*Id.* at 40.) Defendants, almost exclusively, reside and practice outside the Northern District of Illinois and outside the State of Illinois entirely. (*Id.* at 1-38). Plaintiffs allege that the individual physicians are guilty of infringement by way of implanting the HeRO Graft into

patients after receiving it from Hemosphere Inc., Cryolife Inc., and Merit Medical Systems Inc.[1]

At the parties' initial status conference, the Court informed Plaintiffs that patent law is unique and requires a certain level of knowledge, they were encouraged to hire counsel, and warned that as *pro se* plaintiffs they will be held to the same level of knowledge with respect to court rules and proceedings. (Dkt. 48). The Court also informed Plaintiffs of the *pro se* Help Desk in the building and gave them a paper informing them how they could schedule an appointment. *Id.* At the following status hearing, more than 150 days after the filing of the Complaint, Plaintiffs insisted that proper service had been completed for all Defendants despite Plaintiffs having filed proof of waiver regarding just a single Defendant. (Dkt. 74, Dkt. 53). Plaintiffs maintained that they had requested a waiver of service from all Defendants by certified mail. *Id.* In an attempt to clarify apparent confusion by Plaintiffs that simply placing the waiver request in the mail is equivalent to service, the Court informed Plaintiffs that a request to waive service is only a request and waiver by Defendants is not mandatory. *Id.* At each status hearing and in the Court's written Orders (Dkts. 76, 84), Plaintiffs were instructed by the Court to think strategically about their litigation approach and that they would greatly benefit from hiring an attorney who understands the Federal Rules and the intricacies of patent law. (*See e.g.,* Dkt. 120). Plaintiffs' continued disregard of this Court's warnings, binding

---

[1] Defendants Merit Medical and Cryolife were dismissed as a result of the Court's Order on January 23, 2019. (Dkt. 76). Defendant Hemosphere was never successfully served and never filed an appearance in this matter (Dkt. 13) and is part of the non-moving Defendants discussed within this Opinion.

Supreme Court precedent, and the Federal Rules has led them to the precarious position they now find themselves—facing dismissal of their Complaint and potential sanctions.

## DISCUSSION

### I. Motions to Dismiss

As listed above, the more than 100 moving Defendants seeking dismissal do so on a variety of grounds. Regardless of the path, this litigation yields the same, inevitable ending. Accordingly, the Court primarily addresses the issue of insufficient and untimely service, an issue universal to all Defendants.

#### A. Insufficient Service

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process …" *United States v. Ligas,* 549 F.3d 497, 500 (7th Cir. 2008). Rule 4 allows plaintiffs to obtain waiver of service from defendants, but defendants are not required to waive formal service. Fed. R. Civ. P. 4(d). To properly request waiver of service, plaintiffs must send a copy of the complaint, two copies of the waiver form, and a prepaid means to allow defendants to return the form. *Id.* When service is not waived, plaintiff must effect service by (1) delivering a copy of the summons and of the complaint to the defendant personally, (2) leaving a copy of the summons and complaint and the defendant's dwelling with someone who resides there, (3) delivering a copy of the summons and complaint to an agent authorized to receive service, or (4) by other means permissible by state law in the state where the complaint was filed or where service is made. *See* Fed. R. Civ. P.

4(e); *see also Ligas,* 549 F.3d at 501. Rule 4 also requires that service be completed within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). The Court "must dismiss" the complaint if plaintiff fails to do so. *Id.* Such a dismissal may be with prejudice "if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute." *Williams v. Illinois,* 737 F.3d 473, 476 (7th Cir. 2013).

Dismissal of all remaining Defendants is warranted due to Plaintiffs' insufficient and untimely attempts at service. Plaintiffs claim they sought waiver of service from the more than 300 Defendants and therefore they have complied with the conditions of Rule 4. It is Plaintiffs' position that Defendants are required to waive service. (Dkt. 127, at 2). This position is misplaced as waiver of service is merely offered as an alternative to litigating parties and defendants are by no means required to accept waiver. *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). With very limited exceptions, Defendants did not waive service in this matter[2]. In the absence of waiver, Plaintiffs have not attempted to personally serve Defendants and instead have insisted throughout the course of this litigation that they completed service by mailing the summons and Complaint to Defendants. Rule 4(e)(2) does not permit personal service via mail and Plaintiffs have not identified any state laws which would otherwise allow service by mail.

---

[2] Plaintiffs filed executed waivers of service for three Defendants. Plaintiffs first filed a waiver of service executed by Dr. Mark Rosenbloom (Dkt. 53) and later voluntarily dismissed him. (Dkt. 98). Dr. Joseph Griffin waived service and seeks dismissal for improper venue, lack of personal jurisdiction, and improper joinder. (Dkt. 88). Finally, Plaintiffs filed the executed waiver of service for Dr. Robert Jubelirer. (Dkt. 78). Dr. Jubelirer has not yet filed an appearance on the docket and has not otherwise moved to dismiss. Nonetheless, the claims against Dr. Jubelirer are dismissed for improper service along with the other grounds mentioned in this Opinion and the Court's previous Order—improper venue and misjoinder. The executed waiver of service pertaining to Dr. Jubelirer was filed with the Court on January 28, 2019, well after the 90 days permitted by Rule 4(m) and without any indication as to when waiver was actually executed.

Plaintiffs also failed to comply with the timeliness requirements of Rule 4(m). Still, more than 250 days after Plaintiffs filed their Complaint, nearly all of the Defendants have still not been properly served. The Plaintiffs provide no justification for this extreme delay besides their tired refrain that service was completed by U.S. Mail. By maintaining this contention, in the face of directly contrary instruction from the Court, Plaintiffs have failed to comply with the necessary procedural rules for litigating their case. Therefore, due to insufficient and untimely service, Plaintiffs' Complaint is dismissed for want of prosecution. *Williams,* 737 F.3d at 476.

### B. Improper Venue

Alternatively, Plaintiffs' Complaint is dismissed for improper venue. The Court adopts its analysis pertaining to improper venue as laid out in its January 23, 2019 and February 13, 2019 Orders. (Dkts. 76, 84). In short, venue is proper only where the defendant resides or where the defendant committed the infringement and has a regular place of business. *See* 28 U.S.C. § 1400(b). The Complaint, in conjunction with Plaintiffs' related filings, is devoid of any facts establishing that the infringing acts occurred in this judicial district or that Defendants reside in the district. To the contrary, the Complaint alleges that the acts of infringement took place in the states in which the Defendants reside. (Dkt. 1, at 41). Further, nearly all of the Defendants are not residents of Illinois and are instead scattered throughout the country in dozens of different states. *See e.g.,* (Dkt. 89-2).

## C. Misjoinder

Relatedly, were the claims not dismissed on other grounds, they would be dropped pursuant to 35 U.S.C. § 299 which governs joinder of patent cases. Joinder in patent infringement matters is proper only when the alleged infringement arises:

> out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. §299; *see also* Fed. R. Civ. P. 20(a)(2). Further, the mere fact that multiple infringers each allegedly infringed on the patent is not sufficient for joining them as defendants in a single action. *Id.* The joinder statute "looks for a 'logical relationship' between the claims linking the underlying facts." *In re Apple Inc.,* 650 F.App'x 771, 775 (Fed. Cir. 2015) (quoting *In re EMC Corp.,* 677 F.3d 1351, 1358-59 (Fed. Cir. 2012)). Here, the Plaintiffs have cast as wide of a net as possible in attempt to capture all potential infringers. This practice is plainly forbidden by § 299. The Complaint simply alleges that each of the individual Defendants infringed on the patent in their home state where they reside. There are no allegations that the Defendants' actions were performed in concert or connected in any way. Joinder is not suitable where a party completely fails to satisfy the "requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent." *Rudd v. Lux Prod. Corp. Emerson Climate Techs. Braeburn Sys., LLC,* 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011). Without any "logical relationship" between the facts associated with the more than 300

Defendants, joinder is wholly inappropriate. *See In re Apple Inc.,* 650 App'x at 775. As a result, each of the remaining Defendants are dismissed for improper joinder under § 299.

## II. Non-Resident Defendants' Motion for Sanctions

A subset of the non-resident Defendants in this case also move for sanctions under Rule 11(b)[3]. (Dkt. 113). The moving non-resident Defendants assert that Plaintiffs should be sanctioned for their arguments regarding venue and service of process. Federal Rule of Civil Procedure 11(b) entails that by presenting papers to the court, the party certifies that the filing is formed after a reasonable inquiry and:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

Fed. R. Civ. P. 11(b). A frivolous argument is one that is baseless or made without reasonable and competent inquiry and therefore subject to the consequences of Rule 11. *See Berwick Grain Co., Inc. v. Ill. Dep't of Agric.,* 217 F.3d 502, 504 (7th Cir. 2000). Rule 11 "plainly authorizes a district court to sanction a lawyer who without reasonable inquiry tenders a submission that includes legal contentions not warranted…" *Id.* at 504. While the Court does have the discretion to issue sanctions,

---

[3] The list of non-resident Defendants seeking sanctions is attached as Exhibit A to Defendants' Motion. (Dkt. 113-1). Defendants Thomas Hatsukami, Todd Smith, Angelo Santos, and Thomas Winek also join this Motion. (Dkt. 113, at 1).

such authority should be used sparingly in recognition of the impact sanctions can have beyond the merits of the case. *Hartmarx Corp. v. Abboud,* 326 F.3d 862, 867 (7th Cir. 2003). The Court reviews the allegedly sanctionable conduct under a standard of objective reasonableness and considers whether the offending party should have known his position was groundless. *Cuna Mut. Ins. Soc. v. Office and Prof'l Emp. Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006).

### A. Sanctions for assertions regarding venue

Throughout this litigation, Plaintiffs have repeatedly asserted that venue is proper in the Northern District of Illinois. Early on, Merit Medical and Cryolife moved to dismiss or sever based on improper venue. (Dkts. 17, 26). In their response, Plaintiffs relied on the Federal Circuit's decision in *TC Heartland.* (Dkt. 21). This reliance was sorely misplaced though as the Federal Circuit was clearly reversed by the Supreme Court in May 2017, well over a year before Plaintiffs filed their response. *TC Heartland LLC v. Kraft Foods Group Brans LLC,* 137 S. Ct. 1514, 1519 (2017). The Court specifically cited to the Supreme Court's decision in its Order granting dismissal and in status hearings. (Dkt. 76). Indeed, the Court "caution[ed] plaintiffs to take heed of the potentially meritorious arguments raised by defendants thus far in considering the proper and most effective way to prosecute their case going forward." *Id.*

Along with governing precedent, the relevant statute concerning venue in patent matters is clear. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Plaintiffs' own Complaint undercuts any good faith basis for asserting venue is proper in this district. All of the Defendants seeking sanctions practice and reside outside of the state of Illinois and the Complaint claims that the alleged infringement, with respect to each doctor, occurred "at their addresses in their respective states." (Dkt. 1, at 41). Despite guidance from this Court, Plaintiffs again raised their baseless argument in their Motion to Reconsider. (Dkt. 77). No reasonable person would have concluded that such an argument had support in the law or in the facts of this case and accordingly Plaintiffs actions are sanctionable.

### B. Sanctions for assertions regarding service

Plaintiffs similarly made consistent representations in their filings and in hearings that they had complied with the requirements for perfecting service of process. Plaintiffs attempted to serve all Defendants by requesting a waiver of service as contemplated in Rule 4(d). However, Plaintiffs filed only three waivers of service with the Court out of the more than 300 purportedly sent. (Dkt. 53, 78). Plaintiffs asserted that service by certified mail was sufficient as early as October 2, 2018 (Dkt. 21) and maintained this position through their most recent filing with the Court on March 26, 2019. (Dkt. 130). *See also* (Dkt. 46, at 1; Dkt. 83, at 4). Throughout this time, the Court instructed Plaintiffs that waiver of service is merely optional for Defendants to comply with and in the absence of waiver, they must accomplish service through other means. (Dkt. 74). The Federal Rules do not permit service by mail and Plaintiffs have failed to identify any case law or procedural rules

permitting service by mail in the dozens of different states where Defendants reside. Plaintiffs' stubborn assertions to the contrary are without any merit and no reasonable person would have believed otherwise.

Rule 11(c) requires that a party seeking sanctions must wait 21 days after the offending party is put on notice of the possibly sanctionable offense. Fed. R. Civ. P. 11(c)(2). This 21-day window is intended to serve as a safe harbor to allow the challenged party to withdraw or correct offending activity. Defendants put Plaintiffs on notice of their intent to seek sanctions as early as September 24, 2018, then again on October 3, 2018, January 28, 2019, February 13, 2019, and February 15, 2019. *See* (Dkt. 114, Exhibits B, C, E, F, G, I). Defendants' "early and often" approach in corresponding with Plaintiffs regarding their desire to pursue sanctions no doubt satisfies the 21-day requirement of Rule 11(c).

As *pro se* plaintiffs, the Khan's are "entitled to some leniency before being assessed sanctions for frivolous litigation." *Thomas v. Foster,* 138 Fed.Appx. 822, 823 (7th Cir. 2005) (citing *Pryzina v. Ley,* 813 F.2d 821, 823-24 (7th Cir. 1987)). However, this leniency is not without limits. *See Bacon v. Am. Fed'n of State, Cty., & Mun. Emps. Council, No. 13,* 795 F.2d 33, 35 (7th Cir. 1986) ("[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed…."). The Court allowed Plaintiffs to respond to the Motion for Sanctions orally (Dkt. 120) and provided them with the opportunity to file multiple responses. (Dkts. 118, 118, 128, 130). Plaintiffs not only acted in direct contravention to clear

procedural rules, statutes, and governing law, but continued to do so after being repeatedly warned at hearings by the Court, in written orders, and in correspondence with defense counsel. It is more than objectively reasonable to believe that the Plaintiffs should have known their positions on venue and service were groundless. While patent law can no doubt be a thorny area of the law, Plaintiffs missteps came far short of the substantive merits of this dispute. Nor can it be said that these Plaintiffs are naïve; being both medical doctors and the alleged inventors of a complicated medical device. Governing authority regarding proper service of process and venue render Plaintiffs repetitive assertions and arguments nothing more than frivolous.

The non-resident Defendants' Motion for Sanctions is granted. (Dkt. 113). Sanctions shall include Pro Hac Vice filing fees and costs incurred by the non-resident Defendants in association with their Motion to Dismiss and Motion for Sanctions. The non-resident Defendants shall file a breakdown of the fees they intend to recover within 21 days.

## **CONCLUSION**

For the reasons detailed above, Defendants' Motions to Dismiss are granted and Plaintiffs' Complaint is dismissed with prejudice for want of prosecution due to Plaintiffs' delay in obtaining proper service and alternatively for improper venue and misjoinder. (Dkts. 88, 90, 93, 96, 99, 100, 102, 105, 107, 111, 131). The non-resident Defendants' Motion for Sanctions is granted. (Dkt. 113). Plaintiffs shall pay

reasonable fees associated with Defendants' filing fees, Motion to Dismiss, and Motion for Sanctions.

Virginia M. Kendall
United States District Judge

Date: May 16, 2019